Debtor **STEPHEN JETTON TAYLOR**

United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**

[Bankruptcy district]

☐ Check if this is an amended plan

Case number:

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1 ☐ Debtor 2 | $692.00 | Bi-Weekly | 60 months | ☐ Debtor will make payment directly to trustee<br>☑ Debtor consents to payroll deduction from:<br>**FORFEITURE SUPPORT ASSOCIATES<br>ATTN. PAYROLL<br>20110 ASHBROOK PLACE, STE. 220<br>ASHBURN, VA 20147** |

Insert additional lines as needed.

**2.2 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

**2.3 Additional payments.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $89,900.00.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** Check one.

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☑ Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed

| Debtor | **STEPHEN JETTON TAYLOR** | Case number | |

below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| **Loancare Inc** | **2606 MERCER PLACE Thompsons Station, TN 37179 Williamson County** | $1,137.50; CLASS 4 | Prepetition: $7,875.82, PAID IN FULL, CLASS 5 PRORATA | 0.00% | $0.00 |
| | | | Gap payments: $2,275.00, CLASS 5 PRORATA (ESTIMATED, SUBJ. TO CHANGE) | | |
| | | | Last month in gap: SEPTEMBER 2017(ESTIMATED, SUBJ TO CHANGE) | | |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and claim modification.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☑ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance**. *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

Part 4: **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)**

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☑ The attorney for the debtor(s) shall receive a monthly payment of $**176**.

☐ **4.2 Domestic support obligations.**

    **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
    ☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

Debtor     **STEPHEN JETTON TAYLOR**                                    Case number

    **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
      ☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
      ☑ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.

| Part 5: | Treatment of Nonpriority Unsecured Claims and Postpetition Claims |
|---|---|

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐    The sum of $
☑    **20.00** % of the total amount of these claims.
☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
      ☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*
      ☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one*.
      ☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑    **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| **SPRINT CORPORATION** | FAMILY CELL PHONE PLAN | $300.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 |

*Insert additional claims as needed.*

| Part 7: | Order of Distribution of Available Funds by Trustee |
|---|---|

Debtor    **STEPHEN JETTON TAYLOR**                                   Case number

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
☐ ☑ **Alternative order of distribution:**

    **CLASS 1- FILING FEE**
    **CLASS 2- NOTICE FEE**
    **CLASS 3- ATTORNEY FEES**
    **CLASS 4- LOANCARE CONTINUING MONTHLY MORTGAGE PAYMENTS**
    **CLASS 5- LOAN CARE PREPETITION AND GAP ARREARS CLAIM**
    **CLASS 6- GENERAL UNSECURED CLAIMS**
    **CLASS 7- 1305 CLAIMS**

*Insert additional lines as needed.*

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*
☐ plan confirmation.
☑ other:   **UPON DISCHARGE OR CLOSING OF THE CASE, WHICHEVER OCCURS EARLIER**

### Part 9: Nonstandard Plan Provisions

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 10: Signatures:

X   **/s/ James A. Flexer**                          Date   **July 13, 2017**
    **James A. Flexer 9447**
**Signature of Attorney for Debtor(s)**

X   **/s/ STEPHEN JETTON TAYLOR**                    Date   **July 13, 2017**
    **STEPHEN JETTON TAYLOR**

X   _____                  Date   _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**