IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

| | |
|---|---|
| STEPHEN JETTON TAYLOR | Bk. No. 17-04932-CW3-13 |
| 2606 Mercer Place | Chapter 13 |
| Thompsons Station, TN 37179 | Judge Walker |
| SSN: XXX-XX-1340 | |
| Debtor(s). | |

TRUSTEE'S MOTION TO DISALLOW CLAIM OF LOANCARE INC. (COURT CLAIM 8) AND MOTION FOR DETERMINATION OF PREPETITION ARREARS AND ONGOING MORTGAGE PAYMENT

Henry E. Hildebrand, III, Chapter 13 Trustee, by and through counsel, respectfully requests the Court disallow the claim of Loancare Inc. ("Claimant"). If the claim is allowed, the Trustee requests the Court determine the Claimant's prepetition arrears and ongoing mortgage payment for its failure to provide information pursuant to Rule 3001(c).

The debtor filed a voluntary petition under Chapter 13 of Title 11 on July 21, 2017. The Order confirming the debtor's Chapter 13 plan ("Confirmation Order") was entered on September 14, 2017. The Confirmation Order provides for the Claimant to be paid as a long-term debt pursuant to 11 U.S.C. § 1322(b)(5) with the Chapter 13 Trustee acting as the disbursing agent with respect to cure of the prepetition arrears estimated at $6,738.32 through July 2017, the "gap" payments for August 2017 through September 2017, and the ongoing mortgage payment of $1,137.50.

On December 13, 2017, the debtor filed a claim on behalf of the Claimant designated as court claim 8 ("Claim 8") on the Court's claim register. Claim 8 is secured by a first lien on the debtor's residence in the amount of $158,700. Claim 8 asserts prepetition arrears of $6,738.32.

Pursuant to 11 U.S.C. § 502(b)(1), Claim 8 should be disallowed. The mortgage note and deed of trust were not included with the proof of claim. Without such documentation, any asserted security interest in the real property of the debtor is unenforceable and the secured claim should be disallowed under 11 U.S.C. § 502(b)(1). Claim 8 also fails to comply with Rule 3001(c). Rule 3001(c) requires that when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. Therefore, without the Note, Claim 8 is not enforceable and should be disallowed.

If Claim 8 is allowed, the Trustee requests the Court enter an Order determining the Claimant's prepetition arrears and ongoing mortgage payment. Claim 8 fails to provide information in accordance with Rule 3001(c), and the Trustee submits that this failure reduces the ability of the Trustee and other parties to fully review the asserted claim. Rule 3001(c)(2)(C) requires an Official Form attachment, Form 410A, which includes a loan history from the first date of default, ("Part 5"). Under Part 5, the Claimant is required to identify every amount paid, accrued, or incurred since the first date of default. The Claimant has not provided Form 410A.

Furthermore, without Form 410A, it is unclear whether the debtor's ongoing mortgage payment includes escrow. If the debtor's mortgage payment includes escrow, the Claimant has not provided an escrow statement prepared as of the date of the petition pursuant to rule 3001(c)(2)(C).

Without Form 410A, the Trustee cannot verify the correct amount of the Claimant's prepetition arrears or the ongoing mortgage payment. Based on the Trustee's inability to properly review Claim 8, the Trustee requests the Court establish the Claimant's prepetition arrears at $0.00 and the ongoing mortgage payment at $1,137.50 as provided for by the Confirmation Order.

In addition to the relief requested above, the Trustee requests that the Court award any other relief that the Court determines is appropriate, including but not limited to precluding the Claimant from presenting omitted information in any contested matter or adversary proceeding and awarding the Trustee reasonable expenses and attorney's fees to be paid to the Trustee's expense account by Claimant.

WHEREFORE, the premises considered, the Trustee requests that the Court:

(1) disallow Claim 8 on the basis that Loancare Inc. has not demonstrated standing to enforce the Note; if not disallowed for lack of standing, the Trustee requests that the Court grant relief under Rule 3001(c)(2)(D) including:

(2) establishing the prepetition arrears of Loancare Inc. in the amount of $0.00;

(3) establishing the ongoing mortgage payment effective July 2017 at $1,137.50 as provided for by the Confirmation Order;

(4) precluding Loancare Inc. from presenting omitted information in any contested matter or adversary proceeding;

(5) awarding the Trustee reasonable attorney's fees and expenses to be paid to the Trustee's expense account by Loancare Inc.;

(6) prohibiting Loancare Inc., the creditor and any servicer for such creditor from assessing any fees, costs, or set-off amounts against the debtor or against the property that serves as collateral for its loan in connection with the Trustee's Motion; and

(7) awarding any other relief that the Court deems appropriate.

Date: January 16, 2018

Respectfully submitted,

/s/ Margaret P. Reidy
Margaret P. Reidy
Counsel to Henry E. Hildebrand, III
Chapter 13 Trustee

P. O. Box 340019  
Nashville, TN 37203-0019  
615-244-1101; Fax 615-242-3241  
www.ch13nsh.com

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 16, 2018, a true and correct copy of the foregoing was served in the following manner:

*By Electronic Case Noticing to:*
U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203
James Flexer, Counsel for Debtor

*By U. S. Postal Service, postage prepaid to:*
Stephen Jetton Taylor, 2606 Mercer Place, Thompson Station, TN 37179
James Flexer, 1900 Church St., Suite 400, Nashville, TN 37203
Loancare, Inc., P.O. Box 8068, Virginia Beach, VA 23450
Loancare, Inc., Attn.: Officer, Managing or General Agent, 3637 Sentra Way, Virginia Beach, VA 23452

/s/ Margaret P. Reidy  
Margaret P. Reidy